FILED
JAMES J. VILT, JR. - CLERK

MAR 25 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

1:25MJ-69-HBB

## Affidavit in Support of Criminal Complaint
## For Alexis PINTO-MEJIA

Your Affiant, Deportation Officer Ed Colon, Enforcement Removal Operations (ERO), being duly sworn, deposes and says:

1. I am a Deportation Officer (DO) with the U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO). I have been so employed since June of 2022 and I am presently assigned to the Louisville, Kentucky (KY) sub-office of Chicago. Prior to that, I was a Diversion Investigator with the Drug Enforcement Administration (DEA) for (1) year. I have worked the last 10 years in the law enforcement industry at the local, state and federal levels. My duties include the enforcement of various violations of immigration and criminal laws. I have attended the ICE Enforcement and Removal Operations Academy in Glynco, Georgia, where training was conducted pertaining to these types of investigations as well as the enforcement of both criminal and administrative immigration laws.

2. I am a law enforcement officer of the United States within the meaning of Section 115(c)(1) of Title 18, United States Code, and empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 8, United States Code 1326.

3. This affidavit is based upon my personal knowledge and upon information reported to me by federal and local law enforcement officers and others with knowledge of the case. Unless specifically indicated otherwise, all conversations and statements described in the affidavit are related in substance and in part only.

4. On March 6, 2025, I encountered and administratively arrested **PINTO-MEJIA** at the District 3 Probation and Parole Office located at 140 Old Porter Pike #8, Bowling Green, KY. Record checks revealed that on February 25, 2024, Bowling Green Police Department officers

1

arrested **PINTO-MEJIA** for Trafficking in a Controlled Substance First Degree (> or =4gms cocaine), receiving stolen property (firearm) and traffic offenses, which resulted in a conviction and sentenced to 5 years imprisonment at the Warren Circuit Court.

While being processed for the arrest at the Warren County Regional Jail in Bowling Green, KY, the subjects' biographical information and fingerprints came back as a biometric match for **PINTO-MEJIA**, a citizen and national of Honduras illegally present in the United States.

5. **PINTO-MEJIA** was transported to the Homeland Security Investigations (HSI) office and processed as a Reinstatement of Prior Deport Order.

6. I reviewed Department of Homeland Security (DHS) immigration databases, which confirmed **PINTO-MEJIA** is a Honduran citizen previously removed from the United States. **PINTO-MEJIA** was assigned alien registration number 099 536 448 in 2006, and his biometric data was a positive match for the following immigration history:

- On March 27, 2006, United States Border Patrol (USBP) agents arrested **PINTO-MEJIA** for illegal entry and processed **PINTO-MEJIA** for Expedited Removal (Form I-860). On April 4, 2006, ICE/ERO officers removed **PINTO-MEJIA** from the United States to Honduras.

- On May 23, 2016, USBP agents arrested **PINTO-MEJIA** for illegal re-entry and processed **PINTO-MEJIA** as a Reinstatement of Prior Deport Order. On July 6, 2016, ICE/ERO officers removed **PINTO-MEJIA** from the United States to Honduras.

7. DHS databases checks confirm **PINTO-MEJIA** was a positive match for the following state criminal arrests/convictions:

- On May 25, 2016, the United States District Court at Tucson, Arizona convicted **PINTO-MEJIA** of 8 USC 1325: illegal entry and sentenced him to 30 days imprisonment.

- On February 25, 2024, Bowling Green Police Department officers arrested **PINTO-MEJIA** for Trafficking in a Controlled Substance First Degree (> or =4gms cocaine), receiving stolen property (firearm) and traffic offenses, which resulted in

a conviction and sentenced to 5 years imprisonment at the Warren Circuit Court. At the time of the arrest **PINTO-MEJIA**, was found in possession of a Glock Pistol, Model 42, .380 caliber pistol, bearing serial number AGDM012, and ammunition. **PINTO-MEJIA** stated after being read his Miranda warnings that the pistol belonged to him.

8. A review of electronic immigration records show **PINTO-MEJIA** has not received permission from the Attorney General of the United States or the Secretary of Homeland Security to re-enter the United States following his previous removals and he is currently present in the United States without admission or parole after being previously removed.

9. I have reviewed the police report for **PINTO-MEJIA**'s arrest on or about February 25, 2024. That report details that **PINTO-MEJIA** was driving a vehicle that was stopped for several traffic violations. There was a also a passenger in the vehicle. During the stop, **PINTO-MEJIA** stated he had an arrest warrant out of Tennessee which was confirmed. A search incident to his arrest yielded the discovery of a small amount of suspected cocaine on **PINTO-MEJIA**. **PINTO-MEJIA** was read his Miranda warning and agreed to speak with officers. **PINTO-MEJIA** admitted the substance found on him was cocaine. Officers then searched the vehicle **PINTO-MEJIA** had been driving and recovered a "drum" magazine for a .380 caliber handgun in the glovebox, an amount of suspected cocaine in the vehicle's console, and a Glock, model 42, .380 caliber pistol, bearing serial number AGDM012, in the passenger's purse. The passenger informed law enforcement that the gun was both the passenger's and **PINTO-MEJIA**'s. **PINTO-MEJIA** advised that everything in the vehicle was his.

10. ATF Special Agent Kevin Cruce, an trained interstate nexus expert, has reviewed the firearm. Based on his training and experience, Agent Cruce determined that the Glock, model 42, .380 caliber pistol, bearing serial number AGDM012, was not manufactured in the Commonwealth of Kentucky and therefore had traveled in interstate commerce.

### Conclusion

10. Based on the above information, your affiant believes that **PINTO-MEJIA** is a previously removed alien who was found in the United States in Warren County, Kentucky, had not received permission from the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-enter the United States, in violation of Title 8, United States Code, Section 1326(a). Your affiant further believes the above information shows that **PINTO-MEJIA**, an alien unlawfully in the United States, possessed a firearm in violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2).

ED M COLON JR
Digitally signed by ED M COLON JR
Date: 2025.03.25 09:43:05 -04'00'

Ed Colon
Deportation Officer

Sworn to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by reliable electronic means, including by telephone and e-mail submission, on this the 25 day of March 2025.

Hon. H. Brent Brennestuhl
United States Magistrate Judge